IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **11-cv-03198-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
 Plaintiff,
v.

**ADAM BRATTEN,**
 Defendant.

-------------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3210-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
 Plaintiff,
v.

**SCOTT ROSE,**
 Defendant.

-------------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3228-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
 Plaintiff,
v.

**BERNADETTE VECCHIARELLI,**
 Defendant.

Civil Action No. **11-cv-3283-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
      Plaintiff,
v.

**KEVIN MOORE,**
      Defendant.

---------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3290-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
      Plaintiff,
v.

**LAURA BEAN,**
      Defendant.

---------------------------------------------------------------------------------------------------------------

Civil Action No. **11-cv-3372-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
      Plaintiff,
v.

**BRANDON GARRED SIMMONS,**
      Defendant.

Civil Action No. **12-cv-113-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
      Plaintiff,
v.

**LOUIS PAPEDO,**
      Defendant.

-------------------------------------------------------------------------------------------------------

Civil Action No. **12-cv-116-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
      Plaintiff,
v.

**WALTER WILLIAMS,**
      Defendant.

-------------------------------------------------------------------------------------------------------

Civil Action No. **12-cv-123-JLK**

**24 HOUR FITNESS, USA, INC., a California corporation d/b/a 24 HOUR FITNESS**,
      Plaintiff,
v.

**RANDY MARSH,**
      Defendant.

---

**ORDER**

---

Kane, J.

This matter is currently before me on 24 Hour Fitness's response to my June 29, 2012 Order to Show Cause.  Based on the forthcoming discussion, I find the arguments contained in 24 Hour Fitness's response to my June 7, 2012 Order to Show Cause unwarranted by existing law and unsupported by a non-frivolous argument for extending, modifying, or reversing existing law.  Accordingly, pursuant to Fed. R. Civ. P. 11(c), Littler Mendelson PC, 24 Hour Fitness's counsel in this case, are ordered to pay $3,150.00 as a penalty to the court.

## BACKGROUND

The controversy underlying these cases is rooted in a 2006 lawsuit alleging that 24 Hour Fitness denied a subset of its former and current employees overtime payments in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq..[1]  It is unnecessary to belabor the procedural history of these proceedings; suffice it to say, however, that 24 Hour Fitness has strenuously resisted efforts to bring this matter to a resolution.

Most relevant to the instant proceedings, the majority of the above-captioned defendants filed "Demand[s] and Claim[s] for Individual Arbitration" with Judicial Arbitration and Mediation Services, Inc., in San Francisco pursuant to the arbitration provisions of their employment contracts.  24 Hour Fitness resisted arbitration, and on December 5, 2011, those defendants filed petitions to compel arbitration pursuant to the Federal Arbitration Act.

Immediately following the December 5th filing in the Northern District of California and

---

[1]  My relation of this background relies heavily upon earlier orders by the Honorable Judge Samuel L. Conti, who is overseeing the arbitration-related litigation between 24 Hour Fitness and its former employees currently pending in the Northern District of California.  *See Beauperthuy, et al. v. 24 Hour Fitness USA, Inc.*, Case No. 06-715 SC (N.D. Calif.).

over the next month and a half, 24 Hour Fitness filed 307 competing petitions to compel arbitration in twenty-one federal district courts, including thirty-nine in this district.[2]  Pursuant to Rule 4, it secured summons and personally served many of the defendants named in those petitions.  Despite securing summons for the nine above-captioned defendants, however, 24 Hour Fitness failed to personally serve them.

On June 7, 2012, I ordered 24 Hour Fitness to show cause why these actions should not be dismissed without prejudice for failure to timely serve the above-captioned defendants.  In response to that order, 24 Hour Fitness argued it had properly served the defendants via their counsel in the similar, yet independent proceedings pending in the Northern District of California.  As authority for this argument, 24 Hour Fitness cited to Fed. R. Civ. P. 5(b), which requires pleadings and other papers to be served upon a represented party's attorney.  Not only did they assert that the above-captioned defendants had been properly served; they also sought entry of default.

Because Rule 5 is inapplicable to the service of a summons, which is governed by Fed. R. Civ. P. 4, I rejected this argument and dismissed these actions without prejudice.[3]  I also ordered

---

[2]  Although the motivation for these filings is unclear, the effects are apparent.  As noted by Judge Conti, the filing of competing petitions to compel arbitration, based not upon the propriety of arbitration but on an alleged dispute as to the proper venue for arbitration, induced a state of paralysis.  *Order re: Special Master's Report and Recommendation* (doc. 528), Case No. 06-0715-SC (N.D. Calif. July 5, 2012).

[3]  Section 4 of the Federal Arbitration Act requires that service of a petition to compel arbitration be made in the manner provided for in the Federal Rules of Civil Procedure.  9 U.S.C. § 4.  Although this provision could more clearly require a party to effect service pursuant to Fed. R. Civ. P. 4, the rules themselves are readily understood by an attorney of reasonable knowledge and skill to require personal service of a summons.  Notwithstanding its arguments to the contrary, 24 Hour Fitness appeared to grasp the import of this provision, having secured summonses for each of the above-captioned defendants.  That personal service of those summonses was "difficult" does not justify 24 Hour Fitness's failure to comply with Rule 4.

24 Hour Fitness to show cause as to:

> (1) why sanctions should not be imposed against it under Fed. R. Civ. P. 11(b) for
>
> its deliberate and continued misreading of Fed. R. Civ. P. 5, and
>
> (2) why 24 Hour Fitness's counsel should not be reported to the Committee on
>
> Conduct for violation of Rule 1.1 of the Colorado Rules of Professional Conduct
>
> for the same.

24 Hour Fitness has responded to that order, and this matter is now ready for disposition.

## ANALYSIS

Rule 11 authorizes sanctions when, among other offenses, an attorney presents arguments unsupported "by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). In deciding whether sanctions are appropriate, I apply an objective standard. *See Dodd Ins. Servs. v. Royal Ins. Co.*, 935 F.2d 1152, 1155 (10th Cir. 1991). I must "determine whether a reasonable and competent attorney would believe in the merit of the argument." *Id.*

In its response, 24 Hour Fitness argues that its interpretation of Rules 4 and 5 was merited by the unique circumstances of these cases. It also alleges that at least one other court had approved its method of service. I find these arguments unavailing.

24 Hour Fitness cites two "unique" circumstances supporting its argument in this case. First, it argues that the above-captioned defendants' representation by counsel in the related arbitration and judicial proceedings pending in the Northern District of California justifies its belief that Rule 5 applied to its service of notice in the cases filed in this district. Contrary to 24 Hour Fitness's assertion, cases filed under the Federal Arbitration Act frequently involve parties

6

who are represented in other closely-related proceedings.  Significantly, however, the Federal

Arbitration Act does not allow a party to substitute the service provisions of Rule 5 for those of

Rule 4.  For instance, § 9 of the act requires a party seeking to enforce an arbitral award to

personally serve the named defendant.  *See, e.g.*, *Reed & Martin, Inc. v. Westinghouse Elec.*

*Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971).

Second, 24 Hour Fitness argues that § 4's five-day notice requirement supports its

position.  Although it is not entirely clear, 24 Hour Fitness seems to suggest that it believed it

was required to effect service of notice within five days of filing its petitions to compel.

Accordingly, the argument concludes, 24 Hour Fitness believed that this short time-frame

justified serving the above-captioned defendants via their counsel in the related proceedings

pending in the Northern District of California.   This interpretation of the five-day notice

requirement is contrary to the purpose of the Federal Arbitration Act.  *See, e.g.*, *Shankle v. B-G*

*Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1233 (10th Cir. 1999) (recognizing that "[t]he Arbitration

Act . . . creates a presumption in favor of arbitrability").  Most significantly, it is contrary to 24

Hour Fitness's interpretation of this provision in at least one other case.

In *24 Hour Fitness, Inc. v. Roby*, 2:12-cv-00026-LRS (E.D. Wash.), 24 Hour Fitness's

retained counsel submitted a declaration stating that "[t]he non-moving party is entitled to five

days' written notice prior to a ruling on the petition . . . ."  Declaration of Douglas E. Smith re

Service, Exhibit B to Response to Order to Show Cause (doc. 16-2) at ¶ 2 (emphasis added).  As

24 Hour Fitness knew, or should have known based on its previous declaration, Section 4's five-

day notice provision does not require a party to complete service within five days of filing a

petition to compel arbitration.  It merely requires a party to complete service five days before

any decision on the merits of that petition.

24 Hour Fitness also argues that its position has not been uniformly rejected.  The case relied on for the proposition, *24 Hour Fitness, Inc. v. Roby*, 2:12-cv-00026-LRS (E.D. Wash.), is readily distinguishable.  In that case, 24 Hour Fitness served the defendant's attorney, presumably pursuant to Rule 5.  Significantly, however, 24 Hour Fitness also mailed service to the defendant's last known address, consistent with the State of Washington's Rules of Civil Procedure and Fed. R. Civ. P. 4(e)(1).[4]  Although Judge Suko implicitly accepted 24 Hour Fitness's method of service, he did not specifically approve service under Rule 5.

This distinction is even more significant upon examination of the rulings that specifically address the sufficiency of service under Rule 5 in the other cases filed by 24 Hour Fitness.  Without exception, those cases reject the propriety of service under Rule 5.  *See 24 Hour Fitness, Inc. v. Vaughn*, No. 11-cv-02425-PHX-NVW, Order Quashing Return of Service (doc. 9) (March 22, 2012); *24 Hour Fitness, Inc. v. Rehman*, No. 11-cv-02423-PHX-NVW, Order Quashing Return of Service (doc. 9) (March 22, 2012); *24 Hour Fitness, Inc. v. Brown*, No. 11-62660-Civ-SCOLA, Order Directing Service (doc. 6) (April 23, 2012).  Nevertheless, almost two months after the last above-cited ruling, 24 Hour Fitness submitted a pleading to this court repeating its thrice rejected argument that service under Rule 5 was appropriate in this case.

## CONCLUSION

24 Hour Fitness does not and has not argued it properly served the above-captioned

---

[4]  24 Hour Fitness did not attempt service by mail in this case, most likely because such service is not authorized in the State of Colorado.

8

defendants pursuant to Fed. R. Civ. P. 4.  Instead of simply acknowledging this failure and seeking an extension of time to serve the above-captioned defendants, 24 Hour Fitness first sought to advance and capitalize upon an argument unwarranted by existing law and unsupported by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law.

This decision has unnecessarily diverted the limited resources of this court, and as such, sanctions pursuant to Rule 11 are appropriate.  Although the motivation for 24 Hour Fitness's conduct is unclear, I think it reasonable to assume that it wished to avert dismissal without prejudice to avoid being required to re-pay the $ 350.00 filing fee required to re-file petitions against the nine above-captioned defendants.  Accordingly, in order to deter repetition of this conduct, Littler Mendelson, PC is required to pay the amount of $ 3, 150.00 (9 x $ 350.00) as a penalty to the court.

Furthermore, pursuant to D.COLO.LCivR 83.5D, because of the egregious nature of his conduct in this case, Joshua B. Kirkpatrick, Plaintiff's counsel in this case, is referred to this court's Committee on Conduct

Dated: August 14, 2012                    BY THE COURT:

                                          **/s/ John L. Kane**
                                          Senior U.S. District Court Judge